UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENNY DANIELS a/k/a
BENNIE DANIELS,

    Petitioner,

-vs-                                        Case No. 8:03-cv-1701-T-27MSS

JAMES V. CROSBY, et al.,

    Respondents.
_____/

## ORDER

This cause is before the Court upon receipt of a letter inquiring about the status of the case. The letter, dated August 29, 2005, is addressed to the undersigned. On November 13, 2003, the Court directed Respondents to file the record of the state court proceedings. In its November 25, 2003 response, Respondents informed the Court that the exhibits were inadvertently separated from the response when the document was mailed. The Clerk has confirmed that the exhibits were received. This matter has been taken under advisement, and a decision will be forthcoming once the Court has completed its review.

In its August 18, 2003 order directing Respondents to respond to the petition, the Court cautioned Petitioner as follows:

> Before counsel has appeared for Respondent, Petitioner shall send to Respondent a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. After counsel has appeared for Respondent, the copy shall be sent directly to counsel for Respondent, rather than to Respondent personally. . . . Petitioner shall include with the original pleading or other paper that is submitted to be filed a certificate stating the date that an accurate copy of the pleading or other paper was mailed to Respondent or counsel for Respondent. If any pleading or other paper submitted to be filed and

considered by the Court does <u>not</u> include a certificate of service upon Respondent or counsel for Respondent, it will be stricken from this case and disregarded by the Court.

Dkt. 4, ¶¶ 2, 3. Petitioner's letter does not include a certificate of service.[1] Because Petitioner's letter is not properly before the Court for consideration, it will be stricken.

Petitioner is further cautioned that he should not attempt to correspond directly with a judge. See Local Rule 3.01(f) (M.D. Fla.).[2] Judges will not, as a matter of policy, respond to personal correspondence when it pertains to a pending case. This policy is in keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties. Accordingly, their decisions and opinions are, quite properly, only delivered in response to legal instruments filed with the Clerk's office in accordance with governing rules of procedure. Any correspondence addressed directly to a judge or the Clerk will be stricken.

ACCORDINGLY, the Court **ORDERS** that the Clerk shall **STRIKE** Petitioner's August 29, 2005 letter.

**ORDERED** in Tampa, Florida, on _September 27_, 2005.

MARY S. SCRIVEN
UNITED STATES MAGISTRATE JUDGE

SA:jsh
Copy to: All Parties of Record

---

[1]An example of the form and content of a certificate of service can be found in Petitioner's reply to Respondent's response, filed on October 25, 2003 (Dkt. 6 at 6).

[2]"All applications to the Court (i) requesting relief in any form, or (ii) citing authorities or presenting argument with respect to any matter awaiting decision, shall be made in writing (except as provided in Rule 7(b) of the Federal Rules of Civil Procedure) in accordance with this rule and in appropriate form pursuant to Rule 1.05; and, unless invited or directed by the presiding judge, shall not be addressed or presented to the Court in the form of a letter or the like. All pleadings and papers to be filed shall be filed with the Clerk of the Court and not with the judge thereof, except as provided by Rule 1.03(c) of these Rules." Local Rule 3.01(f) (M.D. Fla. 2004).